MANDATE

21-2040-cv
*Disability Rts. New York v. New York State Dep't of Corr. & Cmty. Supervision et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:
      DENNY CHIN,
      SUSAN L. CARNEY,
      JOSEPH F. BIANCO,
           *Circuit Judges.*

---

Disability Rights New York,

      *Plaintiff-Appellant*,

      v.                                                                                          21-2040-cv

New York State Department of Corrections and Community Supervision, Anthony J. Annucci, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision,

      *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:      BRANDY TOMLINSON (Christina Asbee, Jennifer J. Monthie, *on the brief*),

MANDATE ISSUED ON 11/08/2022

|  |  |
|---|---|
|  | Disability Rights New York, Rochester, NY. |
| FOR DEFENDANTS-APPELLEES: | FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY. |

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Plaintiff-appellant Disability Rights New York ("DRNY") appeals from a July 23, 2021 decision and order of the United States District Court for the Northern District of New York (Suddaby, *J.*) granting in part and denying in part DRNY's motion for a preliminary injunction. DRNY sought a preliminary injunction that would require defendants-appellees the New York State Department of Corrections and Community Supervision and its acting commissioner (collectively, "DOCCS") to provide DRNY with access to certain documents pursuant to DRNY's authority as the authorized and state-designated protection and advocacy system in the State of New York, under the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15001–15083, and the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. §§ 10801–10827 (collectively, the "P&A Acts"). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to dismiss the appeal as moot.

## BACKGROUND

This appeal arises out of DRNY's request to obtain records concerning two individuals incarcerated in DOCCS facilities. Individual A, who has a developmental disability, was incarcerated at Sullivan Correctional Facility and then transferred to Five Points Correctional Facility. Individual B, who had a mental illness, was incarcerated at Great Meadow Correctional Facility and passed away while in DOCCS custody on January 1, 2020.

DRNY filed its complaint on December 3, 2020. The next day, DRNY moved for a preliminary injunction seeking to enjoin DOCCS from denying DRNY access to the records of Individual A and Individual B. On July 23, 2021, the district court entered an order denying DRNY's motion as to Individual A but granting it as to Individual B. With respect to Individual A, the district court denied the injunction on the ground that DOCCS had provided DRNY with physical access to the records, and therefore DRNY "is not currently being prevented from accessing and itself copying the material in question." *Disability Rts. New York v. New York State Dep't of Corr. & Cmty. Supervision*, No. 1:20-cv-01487-GTS-CFH, 2021 WL 3124050, at *13 (N.D.N.Y. July 23, 2021). However, as to Individual B, the district court granted the injunction on the basis that DOCCS had "effectively denied [DRNY] physical access to the requested records," and that DOCCS's justification—that a separate investigation into the circumstances surrounding Individual B's death precluded DOCCS from granting access—"thwarted [DRNY's] ability to fulfill its statutory mandate." *Id.* at *11, *13.

DRNY then filed this interlocutory appeal. On appeal, DRNY contends that "[t]he District Court misapplied provisions of the P&A Acts and their implementing regulations by concluding that as a prerequisite to obtaining copies of requested records, the Protection and Advocacy system ("P&A system") must first physically inspect a record or identify (1) the individual who is the

3

subject of the record, (2) the nature of the record, (3) the identity and/or position of the preparer and/or recipient of the record (including his or her location), and (4) the date of the record in the written records request." Appellant's Br. at 2–3. DRNY asserts that this alleged misapplication led the district court to deny, erroneously, full preliminary injunctive relief, and it asks this Court to reverse the district court in relevant part.

It is undisputed, however, that while this appeal was pending, DOCCS produced all the requested records pertaining to Individual A and Individual B. Consequently, DRNY no longer seeks any injunctive relief, and instead asks for "a clarification of the law." It also bears noting that since the commencement of this lawsuit, the New York legislature amended the state law regulating DRNY's access to records, more closely aligning it with the provisions of the federal P&A Acts and their implementing regulations. *See* 2022 Sess. Laws ch. 28 (A. 8710) (McKinney) (the "New York P&A Records Act"). Because this law has yet to be interpreted by New York's state courts, it remains unclear how this may affect the existing requirements on DRNY and DOCCS.

## DISCUSSION

In general, "[a] party may not appeal from a judgment or decree in [its] favor, for the purpose of obtaining a review of findings [the party] deems erroneous which are not necessary to support the decree." *O'Brien v. State of Vermont* (*In re O'Brien*), 184 F.3d 140, 141 (2d Cir. 1999). Moreover, an "appeal becomes moot when the issue[ ] presented [is] no longer live or the parties lack a legally cognizable interest in the outcome, and the [defendant's] compliance with the injunction removed the issue disputed in [the] appeal." *Haley v. Pataki*, 60 F.3d 137, 140–41 (2d Cir. 1995) (internal quotation marks and citation omitted). A federal court's jurisdiction is limited to "real and substantial controversies admitting of specific relief," and we may not "issue

decisions advising what the law would be upon a hypothetical state of facts." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) (internal quotation marks and citation omitted); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (internal quotation marks and citation omitted)).

We observe that the district court granted DRNY's motion for a preliminary injunction as to the records of Individual B.  DRNY does not dispute that DOCCS complied with the injunction and produced all the records it requested pertaining to Individual B.  Because DRNY prevailed below, the portion of its appeal concerning Individual B must be dismissed.

Although DOCCS also produced all the records DRNY requested pertaining to Individual A, DRNY contends that its appeal is not moot because "DOCCS has not abandoned its legal position and will continue to deny requests made under the [federal] P&A Acts using the District Court's erroneous interpretation of federal law," Dkt. No. 102-1 (Appellee's Sept. 22, 2022 28(j) Letter), and the issues on appeal are therefore "capable of repetition, yet evading review," *Haley*, 60 F.3d at 141 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).  We consider this argument only as to Individual A.  In this appeal, however, there is no longer "any effectual relief whatever" that this Court can grant DRNY.  *Church of Scientology*, 506 U.S. at 12.  Any commentary on DOCCS's legal position or the district court's reasoning, therefore, would amount to "advising what the law would be" on facts no longer before this Court.  *Healey*, 28 F.4th at 392 (internal quotation marks and citation omitted).

\*       \*       \*

Accordingly, the appeal is **DISMISSED** as moot.[1]

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] Because we dismiss the appeal on mootness grounds, we do not address the merits of the district court's decision. As outlined in the briefs, we recognize that litigation in the instant case is ongoing in the district court. Moreover, DRNY and DOCCS are party to other cases before the district court regarding the interpretation of other aspects of the P&A Acts as applied to other individuals in New York state whose records are not at issue in the instant case. *See Disability Rts. New York v. New York State Dep't of Corr. & Cmty. Supervision*, No. 1:18-cv-00980 (N.D.N.Y.); *Disability Rts. New York v. New York State Dep't of Corr. & Cmty. Supervision*, No. 1:21-cv-00739 (N.D.N.Y.). This order does not limit the parties in these or future cases, from challenging any portion of the district court's analysis that bears upon ongoing or future disputes regarding the scope of the P&A Acts or the New York P&A Records Act.

6