UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DISABILITY RIGHTS NEW YORK,

                Plaintiff,

v.

NEW YORK STATE DEP'T OF CORR. AND     1:20-CV-1487
CMTY. SUPERVISION; and ANTHONY J.     (GTS/CFH)
ANNUCCI, in his official capacity as the Acting
Comm'r of the New York State Dep't of Corr.
and Cmty. Supervision,

                Defendants.
_____

APPEARANCES:                         OF COUNSEL:

DISABILITY RIGHTS NEW YORK         BRANDY L. L. TOMLINSON, ESQ.
  Counsel for Plaintiff                    CHRISTINA ASBEE, ESQ.
44 Exchange Boulevard, Suite 110        ALYSSA GALEA, ESQ.
Rochester, New York 14614                JENNIFER J. MONTHIE, ESQ.

HON. LETITIA A. JAMES               SHANNAN C. KRASNOKUTSKI, ESQ.
Attorney General for the State of New York   HELENA O. PEDERSON, ESQ.
  Counsel for Defendants                 Assistant Attorneys General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action filed by Disability Rights New York ("Plaintiff" or "DRNY") against the New York State Department of Corrections and Community Supervision ("DOCCS") and its Acting Commissioner, Anthony Annucci (collectively, "Defendants"), are the following two motions: (1) Plaintiff's motion for summary judgment; and (3) Defendants' cross-motion for summary judgment. (Dkt. Nos. 90, 100.) For the reasons set

1

forth below, Plaintiff's motion for summary judgment is denied, and Defendant's cross-motion for summary judgment is granted.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint**

Plaintiff filed its Complaint in this action on December 3, 2020.  (Dkt. No. 1.)  Generally, in its Complaint, Plaintiff asserts three claims: (1) a claim that Defendants' refusal to timely provide complete and unredacted records at Plaintiff's request violates the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15001-15115 ("DD Act"); (2) a claim that Defendants' refusal to promptly provide records at Plaintiff's request violates the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. §§ 10801-10827  ("PAIMI Act"); and (3) a claim that the New York State laws that allow for redaction of certain records produced to Plaintiff are preempted by the DD Act and PAIMI Act (referred to collectively as the "P&A Acts"). (Dkt. No. 1 [Pl.'s Compl.].)

Generally, Plaintiff's claims arise from Defendants' response to requests that Plaintiff made, pursuant to its authority as the designated Protection and Advocacy system for New York State ("P&A system"), for the records of Incarcerated Individual A and Incarcerated Individual B, between approximately February 13, 2020, and December 3, 2020.  (*Id*.)  More specifically, Plaintiff's Complaint alleges as follows: (a) as to Incarcerated Individual A, Plaintiff's representative physically inspected the relevant records at the correctional facility where Incarcerated Individual A is housed and tabbed which records they wanted Defendants to copy, but Defendants not only did not produce those copies in a timely manner under the Acts, but improperly withheld certain pages as exempt under state law and redacted portions of those records that they did copy and provide; and (b) as to Incarcerated Individual B, Plaintiff

requested physical access to (and copies of) the relevant records, but Defendants stated that those records would not be available because Incarcerated Individual B's death was subject to a pending investigation by the New York State Commission of Correction ("SCOC"), and later told Plaintiff that a request for records related to that investigation could be submitted directly to SCOC.  (*Id.*)

As relief for these claims, Plaintiff's Complaint requests the following: (1) a judgment declaring that Defendants have violated Plaintiff's rights under the DD Act, the PAIMI Act, and 42 U.S.C. § 1983 by failing to provide timely access to records requested under P&A authority, failing to provide Plaintiff with access to complete and unredacted records, and failing to provide Plaintiff with investigation records; (2) a judgment declaring that federal law preempts N.Y. Public Officers Law § 87, N.Y. Public Health Law § 18, N.Y. Mental Hygiene Law § 33.13, and N.Y. Public Officers Law § 95(6)(c) as interpreted and applied by Defendants; (3) a permanent injunction ordering Defendants to provide timely and complete responses to all outstanding and future record requests made by Plaintiff pursuant to its federally mandated P&A authority; and (4) an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.  (Dkt. No. 1, at 14.)[1]

### B. Parties' Motion Arguments

---

[1] Plaintiff's Complaint also requests a preliminary injunction ordering Defendants to provide Plaintiff with complete, unredacted copies of all records requested for Incarcerated Individuals A and B, pursuant to its federally mandated P&A authority.  (Dkt. No. 1, at 14.)  However, the Court already decided Plaintiff's motion for a preliminary injunction.  *See Disability Rights New York v. New York State Dep't of Corr. and Cmty. Supervision*, 20-CV-1487, 2021 WL 3124050, at *14 (N.D.N.Y. July 23, 2021) (Suddaby, C.J.) (granting Plaintiff's motion for a preliminary injunction as to Incarcerated Individual B but denying that motion with regard to Incarcerated Individual A).

Generally, in its motion, Plaintiff argues that, based on the current record, it is entitled to a declaratory judgment and/or permanent injunction, as a matter of law, with regard to each of its claims for the following five reasons: (1) DOCCS violated the DD Act by improperly redacting information from the records of Incarcerated Individual A that it provided to Plaintiff; (2) DOCCS' treatment of Plaintiff's request for the records of Incarcerated Individual A as a request for records pursuant to the New York Freedom of Information Law ("FOIL") was improper, because Plaintiff requested those records under the DD Act, not FOIL; (3) DOCCS violated the PAIMI Act by improperly withholding the records of Incarcerated Individual B based upon an on-going investigation by SCOC; (4) DOCCS violated the DD Act (and its implementing regulations) by failing to provide timely access to copies of the records of Incarcerated Individual A, and DOCCS violated the PAIMI Act (and its implementing regulations) by failing to provide prompt access to copies of the records of Incarcerated Individual B; and (5) Plaintiff is entitled to copies of records without a physical inspection.  (Dkt. No. 54, Attach. 1.)

Generally, in opposition to Plaintiff's motion and support of their cross-motion, Defendants argue that, based on the current record, they are entitled to judgment as a matter of law on each of Plaintiff's claims for the following three reasons: (1) Plaintiff's request for relief as to Incarcerated Individual A is moot, because (a) Plaintiff received all the relief it sought as to that individual on or before October 1, 2020, and (b) there is no reasonable expectation that the wrong will be repeated (especially given that DOCCS is not claiming or invoking any FOIL or other State privacy laws with respect to Plaintiff's request for the records of Incarcerated Individual A); (2) Plaintiff's request for relief as to Incarcerated Individual B is also moot, because (a) DOCCS immediately complied with the Court's Preliminary Injunction of July 23, 2021, (b) Plaintiff received all the relief it sought as to that individual in or before May 2, 2022,

and (c) there is no reasonable expectation that the wrong will be repeated; and (3) this matter is moot for the additional reason that (a) the New York State P&A Records Access Law, Access Bill A8710/S7847, which became effective on March 26, 2022 ("NYS P&A Records Access Law"), governs future access to records as between DOCCS and Plaintiff, and (b) thus Plaintiff's request would vaguely require Defendants to do nothing more than that already required by law. (Dkt. No. 56, Attach. 4.)

Generally, in reply to Defendants' opposition to its owns motion, and in opposition to Defendants' cross-motion, Plaintiff asserts the following four arguments: (1) its P&A Acts claims are not moot, because (a) DOCCS' delay in providing the records of Incarcerated Individuals A and B has prevented Plaintiff's ability to investigate and advocate for those individuals, and (b) there is a reasonable expectation that this wrong will be repeated; (2) the NYS P&A Records Access law does not moot Plaintiff's right to access records under the federal P&A Acts, because (a) this case is about Plaintiff's rights to access copies of records under *federal* law, and (b) the fact that a new state law now provides Plaintiff access to those records does not negate its right to access the records under the P&A Acts (whose regulations specifically contemplate states passing laws consistent with the P&A Acts); (3) a permanent injunctive order is appropriate in this case, because Plaintiff's request is not vague and does more than simply order DOCCS to "obey the law"; and (4) the case of *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) (which Defendants rely on to support their argument that Plaintiff is not entitled to obtain copies of records by written request without first having accessed those records) is irrelevant because (unlike *Nixon*) the current action does not arise under the First Amendment  (Dkt. No. 62.)

II.     ANALYSIS

After carefully considering the matter, the Court denies Plaintiff's motion, and grants Defendants' cross-motion, for each the reasons stated by Defendants in their memorandum of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court adds the following analysis (which is intended to supplement, and not supplant, Defendants' reasons).

The Eleventh Amendment bars federal courts from issuing declaratory relief against state officials for past violations of federal law. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) ("We think that the award of a declaratory judgment in this situation would be useful in resolving the dispute over the past lawfulness of respondent's action only if it might be offered in state-court proceedings as res judicata on the issue of liability, leaving to the state courts only a form of accounting proceeding whereby damages or restitution would be computed. But the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment. The teachings of *Huffman*, *Samuels*, and *Wycoff* are that a declaratory judgment is not available when the result would be a partial 'end run' around our decision in *Edelman v. Jordan*, 415 U.S. 651 . . . (1974)."); *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) ("The declaratory judgment sought by the Fitzpatrick subclass is unavailable in federal court because . . . [a]ny declaration could say no more than that Connecticut had violated federal law in the past. . . .  A declaratory judgment is not available when the result would be a partial 'end run' around the Eleventh Amendment's bar on retrospective awards of monetary relief.") (internal quotation marks omitted), *accord, Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020) ("The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law.").

The same is true with regard to injunctive relief against state officials for past violations of federal law. *See Green*, 474 U.S. at 68, 71, 73 ("*Young* . . . held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. . . . We have refused to extend the reasoning of *Young*, however, to claims for retrospective relief. . . . Because there is no continuing violation of federal law to enjoin in this case, an injunction is not available. . . . here is no claimed continuing violation of federal law, and therefore no occasion to issue an injunction. Nor can there be any threat of state officials violating the repealed law in the future.") (internal citation omitted); *Boyland v. Wing*, 487 F. Supp. 2d 161, 180 (E.D.N.Y. 2007) ("[A]bsent a continuing violation of federal law by the state, claims for injunctive . . . relief against state officials must be dismissed . . . .").

Here, it is undisputed that all of the records in question have now been provided to Plaintiff. (*See* Dkt. No. 62, Attach. 1, at ¶¶ 13, 17, 26, 28, 30 [Plf.'s Rule 56.1 Responses admitting DOCCS' production of the remainder of the records of Incarcerated Individuals A and B].) *See also Disability Rights New York v. New York State Dep't of Corr. and Cmty. Supervision*, No. 21-2040-cv, 2022 WL 10218514, at *2 (2d Cir. Nov. 8, 2022) ("It is undisputed . . . that[,] while this appeal was pending, DOCCS produced all the requested records pertaining to Individual A and Individual B."). It is also undisputed that the NYS P&A Records Access Law, which became effective March 26, 2022, requires that "[c]opies of records shall be provided to [DRNY] free of charge within three business days of receipt of a written request . . . ." (Dkt. No. 62, Attach. 1, at ¶¶ 31-35 [Plf.'s Rule 56.1 Responses].)[2] More importantly, it is

---

[2]    As the Court found in a related action, "Generally, the 'three business day[ ]' deadline [set forth in the DD Act] could not be fairly and reasonably found to start running upon DOCCS' receipt of payment for the copies of the records if DOCCS had to again search for and retrieve

7

undisputed that, since the date that law went into effect, Defendants have complied—and sworn their intention to continue to comply—with that requirement. (*See* Dkt. No. 56, Attach. 1, at ¶ 39 [Shkolnik Decl., asserting fact]; Dkt. No. 62, Attach. 1, at ¶ 36 [Plf.'s Rule 56.1 Response, denying continued compliance solely based on a lack of knowledge, which is insufficient].)[3]

---

those records (which it would not have had to do if Plaintiff had inspected the records and presented them to Defendants for copying, as appears contemplated by the regulations)." *Disability Rights New York v. New York State Dep't of Corr. and Cmty. Supervision*, 18-CV-0980, 2024 WL 21550, at *18 (N.D.N.Y. Jan. 2, 2024) (Suddaby, J.). This finding serves as an alternative basis on which to reject Plaintiff's argument that it is entitled to judgment as a matter of law on the issue of whether it is entitled to copies of records under the P&A Acts without a physical inspection. (Dkt. No. 54, Attach. 1, at 15-20 [attaching pages "12" through "17" of Plf.'s Memo. of Law].)

[3]  *See Genger v. Genger*, 663 F. App'x 44, 49 n.4 (2d Cir. 2016) (summary order) (noting that a statement that one "ha[d] no recollection" of a fact "does not constitute a denial"); *F.D.I.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 205 F.3d 66, 75 (2d Cir. 2000) ("[V]ague denials and memory lapses . . . do not create genuine issues of material fact."); *Creighton v. City of NY*, 12-CV-7454, 2017 WL 636415, at *40 (S.D.N.Y. 2017) (finding no issue of fact where one witness had a recollection of an event while another witness to same event has no specific recollection "one way or the other"); *Percoco v. Lowe's Home Ctrs., LLC*, 208 F. Supp. 3d 437, 440 n.2 (D. Conn. 2016) ("Plaintiff, at various points, fails to admit or deny facts and instead states that she has 'no knowledge.' . . . The Court deems those facts admitted because 'no knowledge' is a noncognizable response."); *In re Horowitz*, No. 14-36884, 2016 WL 1039581, at *1 n.2 (Bankr. S.D.N.Y. Mar. 15, 2016) ("On a motion for summary judgment, denials based on a lack of knowledge or information sufficient to form a belief are insufficient to contest a disputed fact . . . ."); *Davis v. City of Syracuse*, 12-CV-0276, 2015 WL 1413362, at *2 (N.D.N.Y. Mar. 27, 2015) ("On a motion for summary judgment, denials of fact that are based on a lack of personal knowledge, mere information or belief, and/or inadmissible evidence are insufficient to create a genuine dispute."); *Faruki v. City of N.Y.*, 10-CV-9614, 2012 WL 1085533, at *5 (S.D.N.Y. Mar. 30, 2012) ("Plaintiff's statement that she did not recall whether Defendants asked her to leave the store is insufficient to create a genuine dispute on that material issue."); *Eiden v. McCarthy*, 531 F. Supp. 2d 333, 337-38 (D. Conn. 2008) ("With regard to Paragraphs 17, 18, 76, 77, 80, and 81 of the Defendants' Local Rule 56(a)(1) Statement, the Plaintiff has responded 'Plaintiff has no knowledge.' Such a response, however, in not permitted under the Local Rules. . . . Thus, the court shall deem admitted any statement with which the Plaintiff claims he lacks sufficient knowledge to agree or disagree."); *N.Y.S. Teamsters Conference Pension and Ret. Fund v. Doren Ave. Assoc., Inc.*, 321 F. Supp. 2d 435, 438 (N.D.N.Y. 2004) ("Of the 45 paragraphs in the Fund's response to this statement, 21 are conclusory denials, 16 are denied for lack of sufficient information, and none are accompanied by a record citation. Thus, per Local Rule 7.1(a)(3), the factual allegations in defendants' statement of material facts may be deemed admitted.").

Finally, to the extent that Plaintiff argues that DOCCS will continue to treat some of Plaintiff's P&A Acts record requests improperly as FOIL requests, and withhold the unredacted production of those records under FOIL, it is uncontroverted that here such an action was inadvertent. (*See* Dkt. No. 56, Attach. 1, at ¶¶ 15, 20 [Shkolnik Decl., asserting fact]; Dkt. No. 62, Attach. 1, at ¶ 10 [Plf.'s Rule 56.1 Response, implicitly denying fact solely based on a lack of knowledge, which again is insufficient].) Similarly, to the extent that Plaintiff argues that DOCCS will again withhold the unredacted production of such requested records during the pendency of an SCOC investigation, it is uncontroverted that, after the Court issued its Decision and Order of July 23, 2021 (ordering the production of those records), rather than file an appeal, DOCCS produced those records to Plaintiff. (*See* Dkt. No. 56, Attach. 1, at ¶¶ 31-33 [Shkolnik Decl., asserting fact]; Dkt. No. 62, Attach. 1, at ¶¶ 26-28 [Plf.'s Rule 56.1 Response, admitting that DOCCS produced the records of Incarcerated Individual B after the Court issued its Decision and Order of July 23, 2021].) Simply stated, the Court can find no admissible record evidence from which a rational fact-finder could conclude that there is a reasonable expectation that either of these two wrongs (i.e., regarding the FOIL misinterpretation or the SCOC investigation) will be repeated. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("A case is deemed moot where the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated . . . .") (internal quotation marks omitted).

For all of these reasons, Plaintiff's motion for summary judgment is denied, and Defendants' cross-motion for summary judgment is granted.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 54) is **DENIED**; and it is further

9

**ORDERED** that Defendant's cross-motion for summary judgment (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**, **except** for Plaintiff's request for attorney's fees and costs pursuant to 42 U.S.C. § 1988, over which this Court retains jurisdiction for the reasons stated in note 1 of Defendant's memorandum of law (Dkt. No. 56, Attach. 4, at 6).

Dated: January 16, 2024
Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge