UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DISABILITY RIGHTS NEW YORK,

                    Plaintiff,

v.                                              1:20-CV-1487

NEW YORK STATE DEP'T OF CORR. AND     (GTS/CFH)
CMTY. SUPERVISION; and ANTHONY J.
ANNUCCI, in his official capacity as the Acting
Comm'r of the New York State Dep't of Corr.
and Cmty. Supervision,

                    Defendants.
_____

APPEARANCES:                              OF COUNSEL:

DISABILITY RIGHTS NEW YORK          BRANDY L. L. TOMLINSON, ESQ.
  Counsel for Plaintiff
44 Exchange Boulevard, Suite 110
Rochester, New York 14614

DISABILITY RIGHTS NEW YORK          ALYSSA GALEA, ESQ.
  Counsel for Plaintiff                          CHRISTINA ASBEE, ESQ.
279 Troy-Schenectady Rd, Suite 9, #236     JENNIFER J. MONTHIE, ESQ.
Rensselaer, New York 12144

HON. LETITIA A. JAMES                 AMANDA K. KURYLUK, ESQ.
Attorney General for the State of New York    HELENA O. PEDERSON, ESQ.
  Counsel for Defendants                     SHANNAN C. KRASNOKUTSKI, ESQ.
The Capitol                                         Assistant Attorneys General
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this civil rights action filed by Disability Rights New York

("Plaintiff") against the New York State Department of Corrections and Community Supervision ("DOCCS") and its Acting Commissioner, Anthony Annucci (collectively, "Defendants"), is Plaintiff's motion for $357,523.90 in attorneys' fees, expenses and costs pursuant to 42 U.S.C. § 1988. (Dkt. No. 69.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

I.   GOVERNING LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure confers on federal courts the ability to award attorney's fees to the prevailing party when directed by federal statute or the civil rules. Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983] …, the court, in its discretion, may allow the prevailing party … a reasonable attorneys' fee as part of the costs." "Under Section 1988, there is a two-part test for determining whether a party is entitled to receive reasonable attorneys' fees." *Hines v. City of Albany*, 06-CV-1517, 2014 WL 12613275, at *2 (N.D.N.Y. June 5, 2014) (Suddaby, C.J.).

First, the party seeking attorneys' fees must be a "prevailing party." A party is considered a "prevailing party" if it "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks omitted). As a result, "a plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail ...." *Farrar*, 506 U.S. at 109 (internal quotation marks and citation omitted). "[A] party who litigates to judgment and loses on all of his claims can[not] ... be a prevailing party." *Id*. at 109-110 (internal quotation marks omitted). "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Id*. at 110 (internal quotation marks omitted). "To be considered a

prevailing party within the meaning of § 1988, ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id*. at 110 (internal quotation marks omitted).

Second, assuming determination of "prevailing party" status, "the party seeking attorneys' fees must prove that his requested fee is 'reasonable.'" *Hines*, 2014 WL 12613275, at *2 (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996)). In determining whether the moving party has satisfied its burden, the court must calculate a "presumptively reasonable fee." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). Traditionally, courts have determined a "reasonable attorneys' fee" by calculating the lodestar–the product of the number of hours required by the matter and a reasonable hourly rate. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), *superseded on other grounds as recognized in Acker v. Gen. Motors*, L.L.C., 853 F.3d 784, 790 (5th Cir. 2017) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673 (2010)); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."[1] *Bergerson*, 652 F.3d at

---

[1] To determine a reasonable hourly rate, courts additionally use the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

289-290 (internal citations and quotation marks omitted). The court must refer to the "prevailing [market rates] in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stevenson*, 465 U.S. 886, 895, n. 11, 104 S. Ct. 1541 (1984)). A determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko*, 433 F.3d at 209.

The reasonable amount of time spent on a matter depends in part on the degree of difficulty of the factual and legal issues involved. *Hofler v. Family of Woodstock, Inc.*, 07-CV-1055, 2012 WL 527668, at *5 (N.D.N.Y. Feb. 17, 2012) (McAvoy, J.). Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable. *Hofler*, 2012 WL 527668, at *5 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In considering the number of reasonably expended hours, the court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Hensley*, 461 U.S. at 434; *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *N.Y. Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). The court should also consider "whether, at the time the work was performed, a reasonable attorney would have engaged in

---

*Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186, n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-179 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989)).

similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Because Plaintiff here seeks its attorneys' fees, it "bear[s] the burden of documenting the hours reasonably expended and the reasonable hourly rates." *Zhou v. State Univ. of N.Y. Inst. of Tech.*, 08-CV-0444, 2014 WL 7346035, at *3 (N.D.N.Y. Dec. 23, 2014) (Suddaby, C.J.) (citing *Hensley*, 461 U.S. at 437). To demonstrate that a fee request is reasonable, "a party seeking an attorneys' fees award 'must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.'" *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 06-CV-0617, 2007 WL 841804, at *6 (E.D.N.Y. Jan. 16, 2007) (quoting *Cablevision Sys. N.Y.C. Corp. v. Diaz*, 01-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)).

## II.     ANALYSIS

After carefully considering the matter, the Court finds, for the reasons stated in Plaintiff's motion papers, that Plaintiff has prevailed in the action to the extent that it won half of its motion for a preliminary injunction (specifically, the half that regarded "Incarcerated Individual B"). (Dkt. No. 69, Attach. 1, at 3-7; Dkt. No. 71, at 2-5.)[2]  However, the Court finds, for the reasons stated in Defendants' motion papers, that Plaintiff did not otherwise prevail in the action. (Dkt. No. 70, at 7-9.)  In addition, the Court finds, also for the reasons stated in Defendant's motion papers, that Plaintiff's requested hourly rates should be diminished to comport with the rates then-prevailing in this District for attorneys having the levels of experience that Plaintiff's attorneys had when they filed and briefed their motion for a preliminary injunction in 2020 and

---

[2] The Court notes that page citations in this Decision and Order refer to the screen numbers on the Court's Case Management / Electronic Case Filing ("CM/ECF") System, not to the page numbers stated on the documents contained therein.

5

2021.  (*Id*. at 9-12.)

As a result, the Court awards Plaintiff $20,193.75 in attorney's fees and costs, consisting of the following: (1) $19,791.75 in attorneys' fees; and (2) $402.00 for the filing fee of this action only (not Plaintiff's interlocutory appeal from the Court's Decision and Order of July 23, 2021).  The $19,791.75 in attorneys' fees are calculated as follows: (a) $12,936.00 for the recoverable work of Attorney Tomlinson, which amounts to 123.2 of reasonable hours worked before July 23, 2021 (i.e., the date of the Court's Decision and Order granting half of Plaintiff's motion for a preliminary injunction), divided by two multiplied by a reasonable hourly rate of $210 per hour; (b) $4,593.75 for the recoverable work of Attorney Galea, which amounts to 52.5 of reasonable hours worked before July 23, 2021, divided by two multiplied by a reasonable hourly rate of $175 per hour; and (c) $2,262.00 for the recoverable work of Attorney Asbee, which amounts to 17.4 of reasonable hours worked before July 23, 2021, divided by two multiplied by a reasonable hourly rate of $260 per hour.  (Dkt. No. 69, Attach. 3, at 2-8, 19-22, 24.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorneys' fees, expenses and costs pursuant to 42 U.S.C. § 1988 (Dkt. No. 69) is **GRANTED in part** and **DENIED in part**, such that Plaintiff is awarded attorney's fees and costs in the amount of **TWENTY THOUSAND ONE HUNDRED NINETY-THREE DOLLARS AND SEVENTY-FIVE CENTS ($20,193.75)**.

Dated: August 28, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge